## PHILLIPS v. MYERS ET AL.

1. **Lien:** TAX SALE: WASTE. The holder of a certificate of purchase at tax sale has a lien on the property covered thereby, and may maintain an action to enjoin the removal of buildings therefrom, but such lien is waived as to buildings where, after their removal, he asks and obtains judgment for their value against the parties removing them, and has such judgment established as a lien upon the buildings; the lien so established dates only from the judgment and is subject to other liens attaching prior to its rendition.

*Appeal from Harrison Circuit Court.*

WEDNESDAY, DECEMBER 15.

THIS is an action against James Myers upon four promissory notes, each for the sum of $110, and to foreclose a mortgage executed to secure the same. The intervenor, Foster, claims a lien paramount to the mortgage upon a portion of the mortgaged property. The court rendered judgment against James Myers upon the notes, and foreclosed the mortgage, but adjudged the lien of the intervenor upon the building situated upon a portion of the mortgaged property to be superior to that of the plaintiff under the mortgage. From this portion of the decree the plaintiff appeals.

The facts are stated in the opinion.

*Barnhart & Cadwell,* for appellant

*W. S. Shoemaker,* for appellee.

DAY, J.—I. The facts in this case are very fairly set forth in appellant's argument and are substantially as follows: On the first day of November, 1875, the intervenor, C. H. Foster, purchased at tax sale, for the delinquent taxes of 1873 and 1874, lot sixteen in block eighteen, in the town of Logan, on which was then situated the building in controversy in this action, and received the treasurer's certifi-

1. LIEN : tax sale : waste.

cate of purchase therefor.    He subsequently paid, from time
to time, the taxes on said property for the years 1875, 1876,
and 1877, so that his lien upon the property amounted to
$468.85.    On the 3d day of January J. M. Phillips acquired
the aforesaid property by sheriff's deed, and on the 20th day
of May, 1878, he sold the building on said lot to the defend-
ant James Myers for $440, in four equal instalments, evi-
denced by four promissory notes secured by a mortgage on
two lots and the building aforesaid, the mortgage stipulating
that the building should be removed upon lot fifteen, in block
eighteen, one of the lots mortgaged and adjoining the lot on
which the building then stood.    About the 21st day of May,
1878, J. M. Phillips indorsed and transferred the four notes
to his son Nathan C. Phillips, the plaintiff, in consideration
of about $600 in bonds of Harrison county, Texas, then trans-
ferred to him.

The defendant Myers at once began making preparations
for the removal of said building from lot sixteen to lot fif-
teen, but before he had accomplished his purpose, on the 28th
day of May, 1878, he was restrained from removing said
building by a writ of injunction issued in an action brought
against him by the intervenor, the petition alleging that he
was the holder of the certificate of purchase aforesaid, and
that by such removal great waste and damage would be done
to said property to his pecuniary detriment.

On the night of the 31st of May, 1878, one Isaac Case,
pretending to have purchased said building and leased lot fif-
teen of defendant Myers, completed the removal of the build-
ing to lot fifteen.    Foster thereupon amended his petition in
said action against Myers, making Case a party defendant,
alleging the removal of said building as the result of a fraud-
ulent combination on the part of said Myers and Case for the
purpose of evading the writ of injunction theretofore issued and
asking that defendants be restrained from making any further
transfer of said property, or creating any charge thereon, and
that an account be taken of the waste and damage committed,

and that plaintiff have judgment therefor, and that the same
be declared a lien upon said lot fifteen, and that execution
issue for the sale thereof, with said building, for the satisfac-
tion of said judgment. Thereupon a second writ of injunc-
tion was issued and served upon the defendants Myers and
Case on the 6th day of June, 1878. Whilst these proceed-
ings were pending, on the 12th day of March, 1879, the inter-
venor procured his treasurer's deed under the tax sale afore-
said.

On the 3d day of July, 1879, the plaintiff commenced the
present action against Myers and wife to recover the amount of
the notes and foreclose the mortgage. The defendants an-
swered, alleging that J. M. Phillips had falsely represented
that said building was, at the time of sale, free from liens
and incumbrances when Foster had a lien thereon by virtue
of the tax sale, and setting up the injunction proceedings
aforesaid then pending, and alleging that said notes were not
transferred to plaintiff until long after the commencement of
said Foster's action, and long after the maturity of the first
note, and that plaintiff at the time of said transfer had notice
of the matters so alleged.

On the 2d day of September, 1879, Foster recovered a
judgment in said action against Myers and Case for $440
damages and costs, and procured a decree perpetuating the
injunction and declaring the judgment to be a special lien
upon the building in controversy.

The defendants thereupon, upon the 9th day of September,
1879, filed a supplemental answer, setting up the recovery of
this judgment by Foster, and alleging that the lien thereof
is paramount to plaintiff's mortgage as against the building,
and that by reason thereof the consideration of said notes
and mortgage has wholly failed.

On the 6th day of January, 1880, Foster filed his petition
of intervention, alleging his purchase of lot sixteen at tax
sale, his acquisition of the treasurer's deed therefor, the sale
of said building by J. M. Phillips to defendant Myers for the

alleged purpose of defrauding intervenor and evading the re-
demption of said property from said tax sale, the execution
of the notes and mortgage in controversy as the purchase
price of said building, the removal of said building to lot
fifteen, the injunction proceeding, judgment and decree in
favor of intervenor against Myers and Case; that plain-
tiff had knowledge before and at the time of the transfer of
said notes and mortgage to him that intervenor held said tax
certificate; that said notes and mortgage were so transferred
for the purpose of further injuring and defrauding intervenor,
and that plaintiff at the time had knowledge that J. M. Phil-
lips had sold said building to defendant Myers to avoid re-
deeming said property from tax sale, and also had knowledge
that said notes and mortgage were given for the purchase
price, and praying that his rights and lien on the building
now situated on lot number fifteen in block number eighteen,
and also the lien of the judgment of petitioner against said
lot number fifteen, be declared and adjudged to be senior and
paramount to the lien of plaintiff's mortgage.

The court rendered judgment against Myers and foreclosed
the mortgage, but adjudged the intervenor's lien on said
building under and by virtue of said judgment and decree to
be senior and paramount to plaintiff's lien thereon under and
by virtue of the mortgage.

The defendant Myers does not appeal from the judgment
against him. The question involved is solely between the
plaintiff and the intervenor, and relates to the priority of liens
against the building in controversy. It cannot be questioned
that Foster in virtue of his treasurer's certificate acquired a
lien upon the lot and the buildings thereon. It is clear also,
that for the removal of the building, depreciating the value of
the property, he should have an adequate remedy. We need
not determine whether he might have followed the building
itself and procured a restoration of it to the lot from which it
had been removed. If he possessed any such remedy he waived
it by electing to treat the building as permanently severed from

lot sixteen, and attached to lot fifteen, and taking a personal judgment against Myers and Case for the amount of the injury, with an injunction against their further interference with the property. When Foster took this judgment, if not before, the original lien which he had against the building became divested, and a new lien attached as of the date of the judgment. This lien was junior to the lien of the mortgage under which the plaintiff claims the property, and it was not competent for the court to declare that the lien of the judgment should have precedence.

II. It is claimed that the evidence shows that J. M. Phillips procured the notes and mortgage by fraud; that the plaintiff is not shown to be a *bona fide* purchaser for value, and that for that reason he should not be allowed precedence over the judgment rendered in favor of the intervenor. We need not inquire whether the notes and mortgage were originally obtained by fraud. They were assigned to the plaintiff before maturity. He gave therefor two bonds of the nominal value of about $600. No question as to their value seems to have been raised in the court below. In the state of the record we must presume them to possess some value. The court erred in decreeing the lien of the intervenor to be superior to that of the plaintiff under his mortgage.

REVERSED.